BELMONT.
November,
1816.

BELMONT COUNTY—NOVEMBER TERM, 1816.

Wilkinson
v.
Palmer.

PRESENT—TAPPAN, *President ;* ALEXANDER, WILEY AND ANDERSON, *Associates.*

## WILKINSON vs. PALMER.

A judgment, on demurrer, is no bar to a subsequent suit, unless it decided the merits of the controversy.
A justification in slander, admits the speaking of the words.
It is not necessary to prove what is agreed between the parties.
A plea in justification, is a circumstance in aggravation of damages, if it is not supported by evidence.

CASE FOR SLANDEROUS WORDS.

PLEA, in bar. That, after committing the said grievances, in the said declaration mentioned, and before the commencement of this suit, to wit, on, &c., plaintiff sued defendant for same cause of action, on which there was a trial, and judgment for defendant.

Replication : admitting the former suit and judgment, and says, " that the said proceedings, trial and judgment, in the said plea stated, were not had upon the merits of the said cause, nor upon an issue respecting the speaking and publishing the said several words in the declaration in this case charged ; but the same were had upon a demurrer in law to the declaration in said proceedings filed ; and the said judgment, upon the demurrer aforesaid, was rendered unto the said John, because, in the declaration in said second plea stated, there was no charge that the said John had spoke, uttered or published, any words whatever, of and concerning the said James, all of which," &c.,

General demurrer.

JENNINGS and HAMMOND, for plaintiff.

WRIGHT, for defendant.—*Cur. ad vult.*

The opinion of the court on the demurrer was delivered at this term :

PRESIDENT.—My first impression when this cause was argued and submitted to the court, was, that those adjudications which are read and considered as authorities, would support the demurrer ; but that

they rather conflicted with reason and good sense, the <span style="float:right">BELMONT.</span>
resolution in Ferrer's case, 6th Rep. 7th, "that when one <span style="float:right">November, 1816.</span>
is barred in any action, real or personal, by judgment upon <span style="float:right">Wilkinson</span>
demurrer, confession, verdict, &c., he is bound as to that <span style="float:right">v. Palmer.</span>
or the like action of the like nature, for the same thing, forever;" and
the rule *debet bis vexari*, seemed to apply to, if they did not govern,
this case.—Time was, therefore, taken, to examine the law and consider
the subject.

Ferrer's case is also reported in Cro. Eliz. 668. Anderson and
Granville, agreeing with the other judges in that case, in the general
rule, observe, "that a bar in a wrong action brought, is not any bar
where a right action is brought; as where one delivers goods to keep,
and brings trespass against the bailiff for these goods, and is barred
by verdict or demurrer, that shall not be a bar unto him in bringing
detinue or accompt." To which Walmsley agreed.

In the case of Kitchen and others vs. Campbell, 3d Wils. 304, the
resolution in Ferrer's case is recognized as law, "*with some exceptions*,"
as where a man sues as administrator, when in truth he is executor.
In the same case it is also observed by the court that "there is no
question but that, if a man mistakes his declaration, and the defendant
demurs, and has judgment, the plaintiff may set it right in a second
action." 1st Mod. 207, Lepping and Kedgewin is cited as an authority
to support the last position, concerning which it may be observed, that
Justice Powel is reported, in Nelson's Lutwyche, to have denied that
any such case had been decided, or had existed, as Lepping & Kedge-
win; so that it is very doubtful whether it is not a case supposed by
the reporter only. Yet the position seems not only to be recognized
as law by the court, in the case in Wilson, but by other courts in other
cases.

The case of Seddon vs. Tutpot, 6th term Rep. 607, was an action
of assumpsit, for goods sold, to which there was a plea of a former
recovery, and a replication that the promise in the last suit was not
the same promise, for the non-performance of which a sum of money
was recovered in the same action. Upon the trial, it appeared that the
former suit was upon a promissory note, and for goods sold; and that,
upon the execution of the writ of enquiry, the plaintiff, not being
prepared with proof as to the goods sold, took an inquisition for the
amount of the note only, and brought a new suit for the goods sold.
Upon these facts, the court of King's Bench ruled that the former
recovery was no bar. This case is cited and approved of by Chief

BELMONT.
Nov. 1816.

Wilkinson
v,
Palmer.

Justice Kent, in giving the opinion of the court in the case of Snider & Van Vechten vs. Croy, 2d Johns, 227, in which it was decided, " that a record of a former recovery was no bar, because it was clearly shown, by the replication, that the present trespass was not inquired into in the former action."

In the case of Bell vs. Chapman, 10th Johns, 183, the court say that " a judgment is no bar to a new suit, unless it involves the merits of the controversy, or be founded on matter which affords a permanent avoidance or discharge."

The reason and justice of these decisions are obvious. They do not impeach the rule in Ferrer's case, or the maxim *nemo debet bis vexari*, but confine the application of them to cases where there has been a decision on the merits of a controversy. There has been no decision on the merits of this controversy; neither the rule or maxim, therefore, extend to the case now under consideration. The plea is, therefore, adjudged sufficient; and the demurrer is overruled, with costs from the time of filing the plea in bar.

### SAME CASE.

A second plea justified the speaking of the words, and charged the plaintiff with having committed wilful and corrupt perjury, before certain arbitrators, &c.

Replication and issue.

In the argument to the jury, WRIGHT, for defendant, urged that, as the plaintiff had given no evidence that the defendant had spoken the words laid, he was only entitled to nominal damages, in case the justification was not proven.

HAMMOND and JENNINGS, for the plaintiff, asked the court to instruct the jury that the defendant's plea admitted the speaking of the words as the declaration charged them to have been uttered and published, and that, if the defendant's justification failed, the plaintiff's action was fully supported by such admission.

PRESIDENT, to the jury:—The declaration is for words spoken, imputing the crime of perjury to the plaintiff. The defendant, by his plea, says that he did utter and publish the words alledg'ed of and concerning the plaintiff, and that he had a lawful right so to do, because the plaintiff, at a certain time and place, committed wilful and corrupt perjury. Upon this plea the parties are at issue, and the question for you to decide is, whether the plaintiff did or did not commit perjury, at the time and place, and in the manner, stated in

the plea. The jury are not called upon to say whether the slanderous words were uttered, for it is agreed by the pleadings that they were so uttered as averred in the declaration. It is not necessary, in any case, to prove what is agreed by the parties to be true.

BELMONT.
Nov., 1816.

In an action for slanderous words, where the defendant suffers judgment to go against him by default, and a writ of enquiry is executed, it is said that unless the plaintiff proves the speaking of the words, he shall recover only nominal damages; but such a case is not analagous to this; a default admits a cause of action, and.no further. The special plea admits a cause of action, and alledges new and further charges against the plaintiff, which, if true, are a legal justification; but if false, only furnish evidence of the defendant's malice towards the plaintiff. So that, if the defendant's plea in justification is not supported by evidence, his putting such a plea on the record is greatly in aggravation of the damages, and it is at this hazard that such plea is always put in.